McCALLAN, Appellant, vs. BUCKSTAFF, Respondent.

*May 3 — May 21, 1897.*

*Mechanics' liens: Evidence: Experts: Appeal.*

In an action to enforce a mechanic's lien, where the amount of materials' furnished and the number of days work performed was at issue, the testimony of experts who had examined the premises that so much material as claimed could not have been used for the purpose, according to the plans and specifications for the building, and that the work could fairly have been done in much less time than claimed, was admissible, and a judgment based thereon will not be reversed as against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This was an action to foreclose a mechanic's lien. The amount of materials furnished, and the number of days work performed, were the only facts in issue. The cause was tried by a referee, who found that the labor and materials furnished were less in amount than the sum which had, before the commencement of the action, been paid to the plaintiff therefor. The report of the referee was confirmed by the court, and a judgment was rendered against the plaintiff, dismissing the complaint with costs. From this judgment, the plaintiff appeals.

*James Freeman,* for the appellant.

For the respondent there was a brief by *Barbers & Beglinger,* and oral argument by *Fred Beglinger.*

NEWMAN, J. Errors in the admission of testimony where the trial is before the court or a referee are unimportant, where the judgment is right on the competent evidence. In causes tried by the court or a referee, the judgment will not be reversed on questions of fact, unless it is clearly against

the weight of the evidence. *Momsen v. Plankinton, ante,* p. 166.

The plaintiff did a job of gas fitting on a contract by which he was to be paid for the materials used what they should cost him, and for the work an agreed wage per diem. The questions controverted were the amount of materials furnished and the number of days work done. The plaintiff's witnesses testified positively to the amount of material furnished and number of days work done. The defendant produced the testimony of experts in the business, and who had examined the premises, to the effect that so much material as claimed by the plaintiff could not have been used for the purpose, according to the plans and specifications for the building, and that the work could have fairly been done in much less time than claimed by the plaintiff. It was a simple question of fact. The class of testimony produced by the defendant was competent on the issue. The judgment cannot fairly be said to be against the weight of the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.